1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   OCEANTRADE S.A.,                         No. C 05-02589 WHA

11            Plaintiff,

12      v.                                     **ORDER GRANTING**
                                               **MOTION TO COMPEL**
13   NUTTERY FARMS, INC., a California         **ARBITRATION AND**
     corporation,                             **VACATING HEARING**
14

15            Defendant.
                                        /
16

17                              **INTRODUCTION**

18        Defendant Nuttery Farms, Inc. seeks to compel plaintiff Oceantrade S.A. to arbitrate a

19   dispute arising under a series of agreements for Oceantrade to purchase Nuttery's almonds.

20   This order holds that under the valid arbitration agreement between the parties, their dispute

21   regarding Nuttery's alleged failure to deliver almonds shall be arbitrated.

22                              **STATEMENT**

23        Between April 2004 and September 2004, Oceantrade entered into thirteen different

24   written contracts for the purchase of almonds from Nuttery (Compl. ¶ 6).  Plaintiff is a Swiss

25   corporation and defendant is a California corporation (Compl. ¶¶ 3–4).  Plaintiff alleges that

26   Nuttery breached the contracts and its fiduciary duty by failing to deliver the almonds (*id*. at

27   ¶¶ 11,18).  Plaintiff maintains that it incurred damages by having to purchase the almonds

28   elsewhere (*id*. at ¶ 13).

**United States District Court**
For the Northern District of California

1    All thirteen contracts included language regarding dispute arbitration (*id.* at Exh. A).

2   Ten of the contracts included the following languge:

3           As per Export Contract for Dried Fruits, Tree Nuts and Kindred
            Products, adopted by the California Dried Fruit Export Association
4           effective July 10, 2003. — Arbitration in accordance with the
            Arbitration Rules of the Warren-Verein der Hamburger Borse e.V.
5           whose arbitrators — international participation permitted — shall be
            competent for final settlement of all and any dispute arising
6           herefrom.

7   *Ibid*.  The remaining three contracts contained similar language:

8           As per Export Contract for Dried Fruits, Tree Nuts and Kindred
            Products, adopted by the California Dried Fruit Export Association
9           effective March 1989. — Arbitration in accordance with the
            Arbitration Rules of the Warren-Verein — international participation
10          permitted — shall be competent for final settlement of all and any
            dispute arising therefrom.

11

12   *Ibid*.  Nuttery seeks to compel arbitration of the parties' grievances on the basis of these

13   arbitration provisions.

14                               **ANALYSIS**

15           Defendant's motion to compel arbitration is governed by the Federal Arbitration Act

16   ("FAA").  Plaintiff incorrectly maintains that the California Code of Civil Procedure determines

17   the debate over arbitrability (Opp. 2–3).  The FAA covers arbitration agreements in any

18   "contract evidencing a transaction involving commerce."  9 U.S.C. 2.  Under the FAA,

19   commerce "means commerce among the several States or with foreign nations."  9 U.S.C. 1.

20   The parties' agreements involve such commerce as they involve the transfer of goods between a

21   foreign and a local corporation (Compl. ¶¶ 3–4).  The FAA, therefore, controls this analysis.

22   *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).  Where the FAA applies,

23   courts may not "invalidate arbitration agreements under state laws applicable only to arbitration

24   provisions."  *Ticknor v. Choice Hotels Int'l., Inc.*, 265 F.3d 931, 937 (9th Cir. 2001)(citation

25   omitted).

26           A court's role under the FAA is limited to determining (1) whether a valid agreement to

27   arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.

28   9 U.S.C. 4; *Simula*, 175 F.3d at 719–20.  If the response is affirmative on both counts, then the

                                      2

United States District Court

For the Northern District of California

1   FAA requires the court to enforce the arbitration agreement in accordance with its terms.

2   *Simula,* 175 F.3d at 720.  "Any doubts concerning the scope of arbitrable issues should be

3   resolved in favor of arbitration."  *Ibid.* (internal citation omitted).  "[T]he emphatic federal

4   policy in favor of arbitral dispute resolution . . . applies with special force in the field of

5   international commerce."  *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th

6   Cir. 1991)(internal citation omitted).

7            As to the first prong, a valid agreement to arbitrate exists.  "An arbitration clause may be

8   found invalid only where the contract never existed or where there is a defect in the arbitration

9   clause."  *Homestake Lead Co. of Missouri v. Doe Run Resources Corp.*, 282 F. Supp. 2d 1131,

10  1139 (N.D. Cal. 2003).  Plaintiff maintains that only three of the contracts were signed, and

11  even these were only signed by plaintiff (Opp. 3).  Plaintiff contends this demonstrates a lack of

12  mutual intent to contract, thereby invalidating the arbitration agreement (*ibid.*).  Plaintiff is

13  estopped from making this argument.  "[E]quitable estoppel applies when the signatory to a

14  written agreement containing an arbitration clause must rely on the terms of the written

15  agreement in asserting its claims against the nonsignatory."  *Fujian Pac. Elec. Co. Ltd. v.*

16  *Bechtel Power Corp.*, C 04-3126, 2004 WL 2645974, *5 (N.D. Cal. Nov. 19, 2004).  Plaintiff

17  seeks to enforce the terms of the contracts against Nuttery (Compl. ¶¶ 6,8,11).  Plaintiff cannot

18  wish away the provisions it dislikes from the very contracts it seeks to enforce.

19           Plaintiff's other argument regarding lack of mutual intent to arbitrate also fails.  The

20  provisions in all thirteen contracts stated that arbitration under the rules of the Warren-Verein

21  "shall be competent for final settlement of all and any dispute" (Compl. Exh. A).  Plaintiff

22  contends that the word  "competent" evidenced an agreement to certain rules in the case of

23  arbitration, not to arbitration itself (Opp. 3).  This argument ignores the context of the

24  provisions.  The provisions must be interpreted in conjunction with the California Dried Fruit

25  Export Association's ("CDFEA") Export Contract for Dried Fruits, Tree Nuts and Kindred

26  Products.  The arbitration provisions indicated that they conform with the Export Contract

27  (Compl. Exh. A).  The Export Contract provided that "[a]ll disputes arising hereunder shall be

28  determined by final and binding arbitration" (Schiff Decl. Exh. A at 6).  The discussion of

3

competence in the arbitration provisions simply expressed the rules by which the parties will conduct any CDFEA-mandated arbitration.  Even if debatable, the Court must read the provisions in favor arbitral resolution.  *Nicaragua*, 937 F.2d at 478.

As to the second prong of the *Simula* analysis, the arbitration provisions encompass the instant dispute.  All of the provisions contained the phrase "all and any dispute arising" (Compl. Exh. A).  Our Circuit holds that such language must be interpreted liberally.  *Simula*, 175 F.3d at 720–21.  To fall within the provisions' scope, plaintiff's claims "need only 'touch matters' covered by the contract . . . and all doubts are to be resolved in favor of arbitrability."  *Id.* at 721.  Plaintiff's claims for breach of contract and breach of fiduciary duty clearly do so.  Both claims are based on defendant's alleged failure to deliver almonds as required by the contracts (Compl. ¶¶ 11, 18).

Finally, plaintiff contends that, if arbitrable, its claims must go before the CDFEA for initial determination whether the CDFEA will arbitrate the matter or require the parties to submit to arbitration by Waren-Verein (Opp. 4).  As noted above, the parties' contracts incorporate CDFEA's Export Contract (Compl. Exh. A).  The Export Contract provides (Schiff Decl. Exh. A at 6):

> If at least one of the parties is a member of DFA or CDFEA, and one of the parties is a European based company, CDFEA may, in its sole discretion, either conduct the arbitration or alternatively, require the parties to submit to arbitration by Waren-Verein.

Plaintiff is European-based (Compl. ¶ 3).  Defendant appears to be a member of the CDFEA (Schiff Supp. Decl. Exh. A).  The parties themselves, however, removed the necessity of submission to the CDFEA by agreeing that Waren-Verein "shall be" competent (Compl. Exh. A).  The parties, therefore, shall immediately proceed to arbitration pursuant to the Waren-Verein Rules.

4

**CONCLUSION**

For the foregoing reasons, plaintiff is **ORDERED** to immediately proceed to arbitration of the dispute at issue.   This Court shall retain jurisdiction to enforce the award.  If the arbitration is not completed by **SEPTEMBER 30, 2006**, the Court may revoke the response to arbitration and hear the case on the merits, provided plaintiff diligently moves the arbitration along and is met by delay.  A further status conference is set herein on **JUNE 8, 2006** at 11 a.m.  The hearing set for December 15, 2005 is **VACATED**.


**IT IS SO ORDERED.**


Dated:  December 6, 2005

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

5